MILWAUKEE COUNTY, Appellant, vs. BAYLEY and others (STATE DEPARTMENT OF PUBLIC WELFARE), Respondents.

*March 6—April 3, 1951.*

For the appellant there was a brief by *William J. Mc-Cauley*, district attorney, *Oliver L. O'Boyle*, corporation counsel, and *Robert P. Russell*, assistant corporation counsel, and oral argument by *Mr. Russell*.

For the respondents there was a brief by the *Attorney General, Stewart G. Honeck*, deputy attorney general, and *Beatrice Lampert*, assistant attorney general, and oral argument by *Mrs. Lampert*.

HUGHES, J.   By sec. 5, ch. 121, Laws of 1947, sec. 49.03 (1) (c) of the statutes was repealed. Sec. 18 of the same chapter created sec. 49.40 of the statutes, which provides in part:

"(1) The county agency administering aid to the blind, aid to dependent children, and old-age assistance may supplementary to such aids authorize and pay for medical, surgical, dental, hospital, and nursing-home care and optometrical services for recipients of such aids when necessary. . . .

"(2) Upon forms prescribed by the department claims by counties for reimbursement shall be made at the same time and in the same manner as other claims for aid to the blind, aid to dependent children, and old-age assistance and if approved by the department thirty-five per cent of such expenditures plus any federal aid that may be received for such expenditures shall be certified by the department to the director of budget and accounts as reimbursement to the counties. . . ."

The controversy here involved arises over the meaning of the terms "supplementary to such aids" and "recipient," as used in that section.

The Department of Public Welfare refused to approve for reimbursement certain charges paid by the old-age-assistance agency of Milwaukee county to the Milwaukee County Hospital for medical and hospital care of persons who had been on old-age assistance at the time they were hospitalized and where during the period of hospitalization (1) the old-age-assistance check was issued but never received by the old-age-assistance beneficiary and later canceled; (2) the monthly grant was discontinued because there were no continuing needs or the patient's personal income was sufficient to cover the continuing needs; (3) the monthly grant has been discontinued because the patient required prolonged or permanent care at the Milwaukee County Hospital.

The question here presented is whether the legislature intended to contribute toward medical and hospital expenses only in cases where the patient was simultaneously receiving some cash payment from old-age assistance.

Secs. 49.20, 49.21 (1), and 49.29 (1), Stats., indicates that the old-age assistance contemplated cash payments to the pensioners. No contention is made by the respondents that the county is not entitled to state contribution toward hospital care in cases in which some cash payments are made to the patient during the period of hospitalization.

The purposes of old-age assistance are sharply distinguished from the purposes of relief and institutional care by counties, and it is apparently the legislative intent to encourage the more humane method. To this end contribution of state funds is made.

The circuit court held that the statute requires there be a recipient of some cash benefit in order that the right to contribution of state funds continue. The county contends that this is a narrow construction which leads to hardship. In the event that the recipient is entitled to, and receiving, old-age assistance at the time of hospitalization and the patient has no needs in addition, such as where he had been rooming and

boarding in a private home, the institutional expense is as much an old-age-assistance expenditure as before and the state should contribute.

Where such charge is made in good faith, it may well lead to an inequitable loss of contribution. To hold that the county is entitled to contribution under such circumstances, however, would be to remove from the state the means of controlling contribution to a certain class of pensioners.

The chief distinction between poor relief and pensions is that the recipient of a pension gets cash which he has the right to spend as he sees fit. Pensions are granted to those who can be trusted to expend the funds in their own best interests.

If the county's contention were sound, it would be possible for the local agency to give old-age assistance for a few months to a relief client and then institutionalize and have the state bear one third of the expense.

The statute read in its entirety indicates that the legislature intended to keep the two classes of cases separate. There is little distinction between a poor-relief patient and an old-age pensioner if both are hospitalized in a county institution and neither receives anything beyond payment of the hospital and medical care.

We are of the opinion that the trial court properly held that the statute requires contribution of state funds only where the "recipient" is currently receiving a cash allotment.

*By the Court.*—Judgment affirmed.

MARTIN and BROADFOOT, JJ., took no part.